132

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ORIGINAL

ESTELLA SANCHEZ, Individually        §
and as Representative of              §
the Estate of REOSVALDO               §
SANCHEZ, Deceased and on              §
behalf of and as Next                 §
Fried of Crystal Lee and              §
and Reosvaldo Sanches, Jr.,           §
surviving minors of Decedent;         §
ELDEMIRA SANCHEZ and                  §
TEODORO SANCHEZ, Individually         §
and as legal guradian(s) of,          §
Daniel Sanchez, surviving minor       §
son of Decedent                       §
                                      §
MARTHA ACOSTA, Individually and       §
as Representative of the Estate       §
of ANASTACIO ACOSTA, Deceased         §
and on behalf of and as               §
Next Friend of Diego Acosta,          §
surviving minor son of the            §
Decedent                              §
                                      §
GRICELDA ANDRADE, Individually        §
and as Representative of the          §
Estate of SALVADOR ANDRADE,           §
Deceased, and on behalf of            §
of and as Next Friend of Melissa      §
Andrade and Salvador Andrade, Jr.     §
surviving minors of Decedent          §
                                      §
vs.                                   §
                                      §
COOPER INDUSTRIES, INC., McGRAW       §
EDISON COMPANY, MAGNETEK INC.         §
MAGNETEK NATIONAL ELECTRIC COIL       §
DIVISION COIL INC., NATIONAL          §
ELECTRIC COIL INC., MAGNETEK          §
MATAMOROS, S.A. de C.V.               §
NATIONAL ELECTRIC COIL COMPANY        §
L.P. and ADVANCED QUAIL               §
TECHNOLOGY, INC.                      §

United States District Court
Southern District of Texas
ENTERED

OCT 1 4 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

CIVIL ACTION NO. B-96-005

# ORDER

1) Defendant COOPER INDUSTRIES, INC. AND MCGRAW EDISON COMPANY filed a Motion for More Definite Statement Pursuant to Federal Rules of Civil Procedure 12(e) on September 11, 1998.

2) It has been more than 20 days since said filing and no opposition having been filed, Defendants Motion for More Definite Statement Pursuant to Federal Rules of Civil Procedure 12(e) is in all things GRANTED.

3) IT IS HEREBY ORDERED, that pursuant to Paragraph I in Defendant Cooper Industries, Inc. and McGraw Edison Company's Motion for More Definite Statement Pursuant to Federal Rules of Civil Procedure 12(e) Plaintiffs are to replead to clarify which specific Defendants and in particular if Defendants Cooper Industries, Inc. and McGraw Edison Company have caused any alleged harm to the deceased Anastacio Acosta.

4) IT IS HEREBY ORDERED, that pursuant to Paragraph II in Defendant Cooper Industries, Inc. and McGraw Edison Company's Motion for More Definite Statement Pursuant to Federal Rules of Civil Procedure 12(e) Plaintiffs are to replead to clarify which specific Defendants and in particular if Defendants Cooper Industries, Inc. and McGraw Edison Company have caused any alleged harm to the deceased Salvador Andrade.

5) IT IS HEREBY ORDERED, that pursuant to Paragraph III in Defendant Cooper Industries, Inc. and McGraw Edison Company's Motion for More Definite Statement Pursuant to Federal Rules of Civil Procedure 12(e) that Plaintiffs specify the toxic hazardous or deleterious materials and carcinogenic chemicals specifically each of the deceased was exposed to, when and by which Defendant.

6) IT IS HEREBY ORDERED, that pursuant to Paragraph IV in Defendant Cooper Industries, Inc. and McGraw Edison Company's Motion for More Definite Statement Pursuant to Federal Rules of Civil Procedure 12(e) that Plaintiffs give a more definite statement as to how each Plaintiff can bring suit under the Wrongful Death Act, Survival Statute, Strict Products Liability and the Ability of Surviving Parents to bring suit on behalf of the deceased of the Texas Civil Practice and Remedies Code as to each Defendant.

7) IT IS HEREBY ORDERED, the Plaintiffs will replead in conformance with this order within 45 days.

SIGNED on this 9TH day of OCT , 1998.

_____
UNITED STATES MAGISTRATE JUDGE