230

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

OCT 2 1 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ESTELLA SANCHEZ, Individually And As Representative Of The Estate of REOSVALDO SANCHEZ, Deceased, And On Behalf Of And Next of Friend of Crystal Lee and Reosvaldo Sanchez, Jr., Surviving Minors of Decedent; ELDEMIRA SANCHEZ And TEODORO SANCHEZ, Individually And As Legal Guardian(s) Of, Daniel Sanchez, Surviving Minor Son of Decendent | § § § § § § § § § § | |
| MARTHA ACOSTA, Individually And As Representative Of The Estate Of ANASTACIO ACOSTA, Deceased, And On Behalf Of And As Next Friend Of Diego Acosta, Surviving Minor Son Of the Decedent; and JAIME ACOSTA and JULIA ACOSTA de WOJTOWICZ, Surviving Adult Children | § § § § § § § § § | |
| GRICELDA ANDRADE, Individually And As Representative of the Estate of SALVADOR ANDRADE, Deceased, And On Behalf Of And As Next Friend of Melissa Andrade, and Salvador Andrade, Jr., Surviving Minors of Decedent, | § § § § § § § | |
| Plaintiffs | § § | |
| VS. | § | CIVIL ACTION NO. B-96-005 |
| MAGNETEK, INC.; THEODORE R. PAUL; COOPER INDUSTRIES, INC., and MCGRAW EDISON COMPANY; | § § § § § | |
| Defendants | | |

## ORDER

On this day, came before the Court, the Defendants' MagneTek, Cooper Industries, Inc., McGraw Edison Company, and Theodore Paul's Motions for Summary Judgment, having considered said motion, Plaintiffs' responses, the pleadings on file herein, and the applicable law,

IT IS ORDERED that the Defendants' Motion should be **GRANTED** insofar as Defendants contend that the Texas Constitution does not provide an independent cause of action.

IT IS FURTHER ORDERED that the Defendants' Motion asserting section 408.001(b) of the TEX. LAB. CODE, and its other predecessor, TEX. REV. CIV. STAT. ART. 8308-4.01, as a bar to Plaintiffs gross negligence and intentional tort claims should be **DENIED**.

IT IS FURTHER ORDERED that the Defendants' Motion should be **DENIED** insofar as the Defendants contend that Plaintiffs waived their cause of action for damages for gross negligence and intentional torts.

IT IS FURTHER ORDERED that the Defendants' Motion should be **GRANTED** in regards to the Plaintiffs' negligence claims as they are barred by the exclusive remedy provision of the Texas Worker's Compensation statute.

IT IS FURTHER ORDERED that the Defendants' Motion should be **DENIED** to the extent that the Defendants aver that Sanchez's survival action is barred by limitations.

IT IS FURTHER ORDERED that the Defendants' Motion should be **DENIED** to the extent that the Defendants aver that the Plaintiffs' wrongful death action is barred by limitations.

IT IS FURTHER ORDERED that the Defendants Motion should be **GRANTED** on the Plaintiffs' fraudulent concealment claims.

IT IS FURTHER ORDERED that the Defendants Motion should be **DENIED** on Plaintiffs' strict products liability claims.

IT IS FURTHER ORDERED that the Defendants' Motion on Plaintiffs civil conspiracy claim should be **DENIED**.

DONE in Brownsville, Texas, on this __21__ day of __OCT__, 1999.

_____
John Wm. Black
United States Magistrate Judge