United States District Court
Southern District of Texas
ENTERED

FEB 23 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ESTELLA SANCHEZ, Individually and as Representative of the Estate of Reosvaldo Sanchez, Deceased, et al. | § § § § § | |
| VS. | § § | C. A. No. B-96-005 (Jury Demanded) |
| MAGNETEK, INC., et al. | § § | |

## FINAL JUDGMENT

This case came before the Court for a final adjudication, the full names of the parties being as follows: Adult Plaintiffs: Estella Sanchez, Individually and as Representative of the Estate of Reosvaldo Sanchez, Deceased and as Next Friend of Cristal Sanchez and Reosvaldo Sanchez, Jr.; Teodoro Sanchez and Eldemira Sanchez, Individually and as Next Friend of Daniel Sanchez; Martha Acosta, Individually and as Representative of the Estate of Anastacio Acosta, Deceased and as Next Friend of Diego Acosta; Julia Acosta de Wojtowicz; Jaime Acosta; and Gricelda Andrade, Individually and as Representative of the Estate of Salvador Andrade, Deceased and as Next Friend of Melissa Andrade and Salvador Andrade, Jr.; and Minor Plaintiffs: Cristal Sanchez and Reosvaldo Sanchez, Jr., acting by and through their Next Friend, Estella Sanchez; Minor Plaintiff, Daniel Sanchez acting by and through his Next Friends, Teodoro Sanchez and Eldemira Sanchez; Minor Plaintiff, Diego Acosta acting by and through his Next Friend, Martha Acosta; and Minor Plaintiffs, Melissa Andrade and Salvador Andrade Jr., acting by and through their Next Friend, Gricelda Andrade, (hereinafter sometimes referred to collectively as "Plaintiffs") against Defendants MagneTek, Inc., Theodore R. Paul, Cooper Industries, Inc., and McGraw Edison Company. All

parties appeared, announced ready for trial, waived a trial by jury, and announced that they had settled this case, subject to the Court's approval. Under the terms of the settlement, the Plaintiffs Estella Sanchez, Individually and as Representative of the Estate of Reosvaldo Sanchez, Deceased, and as Next Friend of Cristal Sanchez and Reosvaldo Sanchez, Jr.; Teodoro Sanchez and Eldemira Sanchez Individually and as Next Friend of Daniel Sanchez, and Minor Plaintiffs, Cristal Sanchez Reosvaldo Sanchez, Jr., and Daniel Sanchez would receive a judgment against Defendant, MagneTek, Inc., for SEVENTY FIVE THOUSAND and No/100 Dollars ($ 75,000), and against Defendants Cooper Industries, Inc., and McGraw Edison Company, for ONE HUNDRED FIFTY THOUSAND and No/100 DOLLARS ($150,000.00). Plaintiffs Martha Acosta, Individually and as Representative of the Estate of Anastacio Acosta, Deceased and as Next Friend of Diego Acosta, Julia Acosta de Wojtowicz, Jaime Acosta, and Minor Plaintiff, Diego Acosta would receive a judgment against Defendant, MagneTek Inc., for ONE HUNDRED FIFTY THOUSAND and No/100 DOLLARS ($150,000.00). Plaintiffs, Gricelda Andrade, Individually and as Representative of the Estate of Salvador Andrade, Deceased and as Next Friend of Melissa Andrade and Salvador Andrade, Jr., and Minor Plaintiffs Melissa Andrade and Salvador Andrade, Jr., would receive a judgment against Defendant, MagneTek, Inc., for TWO HUNDRED FIFTY THOUSAND and No/100 DOLLARS ($250,000.00). These sums would be in full settlement of all claims, demands, and causes of action that have been or could have been brought in this case, including all claims for injuries and damages received by the Adult Plaintiffs and the Minor Plaintiffs because of the incidents in question. The parties announced that the settlement was made on a doubtful and disputed claim, all Defendants having denied any liability to the Plaintiffs. The Court heard evidence concerning the reasonableness of the settlement, including the facts of the accident, any

fault of the parties, the injuries and damages received by the Adult Plaintiffs and the Minor Plaintiffs, and all other evidence deemed by the Court necessary to a determination of the fairness of the settlement. The Court then decided that the liability of the Defendants is uncertain, that the settlement is fair and in the best interest of the minors, and that settlement should be approved. The Court now approves the settlement.

It is ORDERED and ADJUDGED that the Plaintiffs Estella Sanchez, Individually and as Representative of the Estate of Reosvaldo Sanchez, Deceased, and as Next Friend of Cristal Sanchez and Reosvaldo Sanchez, Jr., Teodoro Sanchez and Eldemira Sanchez Individually and as Next Friend of Daniel Sanchez and Minor Plaintiffs, Cristal Sanchez, Reosvaldo Sanchez, Jr., and Daniel Sanchez recover ONE HUNDRED FIFTY THOUSAND and No/100 ($150,000.00) against Defendants, Cooper Industries, Inc., and McGraw Edison Company which is apportioned as follows:

> To Estella Sanchez, Individually and as Representative of the Estate of Reosvaldo Sanchez, Deceased, and as Next Friend of Cristal Sanchez and Reosvaldo Sanchez, Jr., Teodoro Sanchez and Eldemira Sanchez Individually and as Next Friend of Daniel Sanchez, the total amount of ONE HUNDRED NINE THOUSAND EIGHT HUNDRED NINETY SIX and No/100 Dollars ($ 109,896.00) out of which all expenses and attorneys' fees are to be paid.
>
> To New York Life Insurance Company, for the use and benefit of Reosvaldo Sanchez, Jr., a minor; suing herein by and through his next friend Estella Sanchez, THIRTEEN THOUSAND THREE HUNDRED SIXTY EIGHT and No/100 Dollars ($13,368.00) free and clear of all costs, expenses, and fees.
>
> To New York Life Insurance Company, for the use and benefit of Cristal Sanchez a minor; suing herein by and through her next friend Estella Sanchez, THIRTEEN THOUSAND THREE HUNDRED SIXTY EIGHT and No/100 Dollars ($13,368.00) free and clear of all costs, expenses, and fees.
>
> To New York Life Insurance Company, for the use and benefit of Daniel Sanchez, a minor; suing herein by and through his next friends, Teodoro Sanchez and Eldemira Sanchez, THIRTEEN THOUSAND THREE HUNDRED SIXTY EIGHT and No/100 Dollars ($13,368.00) free and clear of all costs, expenses, and fees.

It is ORDERED and ADJUDGED that the Plaintiffs Estella Sanchez, Individually and as Representative of the Estate of Reosvaldo Sanchez, Deceased, and as Next Friend of Cristal Sanchez and Reosvaldo Sanchez, Jr., Teodoro Sanchez and Eldemira Sanchez Individually and as Next Friend of Daniel Sanchez and Minor Plaintiffs, Cristal Sanchez, Reosvaldo Sanchez, Jr., and Daniel Sanchez recover SEVENTY FIVE THOUSAND and No/100 ($75,000.00) against Defendant, MagneTek, Inc., which is apportioned as follows:

>   To Estella Sanchez, Individually and as Representative of the Estate of Reosvaldo Sanchez, Deceased, and as Next Friend of Cristal Sanchez and Reosvaldo Sanchez, Jr., Teodoro Sanchez and Eldemira Sanchez Individually and as Next Friend of Daniel Sanchez, the total amount of FIFTY FOUR THOUSAND NINE HUNDRED FORTY EIGHT and No/100 Dollars ($54,948.00), out of which all expenses and attorneys' fees are to be paid.

>   To New York Life Insurance Company, for the use and benefit of Reosvaldo Sanchez, Jr., a minor; suing herein by and through his next friend Estella Sanchez, SIX THOUSAND SIX HUNDRED EIGHTY FOUR and No/100 Dollars ($ 6,684.00), free and clear of all costs, expenses, and fees.

>   To New York Life Insurance Company, for the use and benefit of Cristal Sanchez a minor; suing herein by and through her next friend Estella Sanchez, SIX THOUSAND SIX HUNDRED EIGHTY FOUR and No/100 Dollars ($ 6,684.00), free and clear of all costs, expenses, and fees.

>   To New York Life Insurance Company, for the use and benefit of Daniel Sanchez, a minor; suing herein by and through his next friends, Teodoro Sanchez and Eldemira Sanchez, SIX THOUSAND SIX HUNDRED EIGHTY FOUR and No/100 Dollars ($ 6,684.00), free and clear of all costs, expenses, and fees.

It is further ORDERED and ADJUDGED that the Plaintiffs Martha Acosta, Individually and as Representative of the Estate of Anastacio Acosta, Deceased and as Next Friend of Diego Acosta, Julia Acosta de Wojtowicz, Jaime Acosta, and Minor Plaintiff, Diego Acosta recover against Defendant, MagneTek, Inc., ONE HUNDRED FIFTY THOUSAND and No/100 DOLLARS ($150,000.00) which is apportioned as follows:

To Martha Acosta, Individually and as Representative of the Estate of Anastacio Acosta, Deceased and as Next Friend of Diego Acosta, Julia Acosta de Wojtowicz, Jaime Acosta, the total amount of ONE HUNDRED TWENTY SIX THOUSAND TWO HUNDRED FIFTY EIGHT and 42/100 Dollars ($126,258.42), out of which all expenses and attorneys' fees are to be paid, including FOUR THOUSAND FIVE HUNDRED and NO/100 Dollars ($ 4,500), which is to be paid directly to Martha Acosta's former attorney, Brian Riepen.

To New York Life Insurance Company, for the use and benefit of Diego Acosta, a minor; suing herein by and through his next friend Martha Acosta, TWENTY THREE THOUSAND SEVEN HUNDRED FORTY ONE and 58/100 Dollars ($ 23, 741.58), free and clear of all costs, expenses, and fees.

It is further ORDERED and ADJUDGED that the Plaintiffs, Gricelda Andrade, Individually and as Representative of the Estate of Salvador Andrade, Deceased and as Next Friend of Melissa Andrade and Salvador Andrade, Jr., and Minor Plaintiffs Melissa Andrade and Salvador Andrade, Jr., recover against Defendant, MagneTek, Inc., only, for TWO HUNDRED FIFTY THOUSAND and No/100 DOLLARS ($250,000.00) which is apportioned as follows:

To Gricelda Andrade, Individually and as Representative of the Estate of Salvador Andrade, Deceased and as Next Friend of Melissa Andrade and Salvador Andrade, Jr., and Minor Plaintiffs Melissa Andrade and Salvador Andrade, Jr., the total amount of ONE HUNDRED EIGHTY THREE THOUSAND ONE HUNDRED SIXTY and No/100 Dollars ($ 183,160.00), out of which all expenses and attorneys' fees are to be paid.

To New York Life Insurance Company, for the use and benefit of, Melissa Andrade, a minor; suing herein by and through her next friend, Gricelda Andrade, THIRTY THREE THOUSAND FOUR HUNDRED TWENTY and No/100 Dollars ($ 33,420.00), free and clear of all costs, expenses, and fees.

To New York Life Insurance Company, for the use and benefit of, Salvador Andrade, Jr., a minor; suing herein by and through his next friend, Gricelda Andrade, THIRTY THREE THOUSAND FOUR HUNDRED TWENTY and No/100 Dollars ($ 33,420.00), free and clear of all costs, expenses, and fees.

The Court has been informed that the parties wish to place the sums awarded to the minors into annuities with New York Life Insurance Company, for the use and benefit of the minors. The Court has also been informed that payments from those annuities shall be disbursed to the Minor Plaintiffs, after they have each respectively reached the age of majority in accordance with the Release and Indemnity Agreements entered into by the parties herein, and the payments will be made from the annuities as follows:

Periodic payments, made according to the following schedule:

DANIEL SANCHEZ:
$5,000.00 on 1/7/2005 (Age 21)
$10,000.00 on 1/7/2007 (Age 23)
$18,110.00 on 1/7/2009 (Age 25)

CRISTAL SANCHEZ:
$3,577.00 payable semi-annually, beginning 7/1/2006 for five (5) years certain only. Last Guaranteed payment is due 1/1/2011.

REOSVALDO SANCHEZ, JR.:
$4,141.00 payable semi-annually, beginning 7/1/2008 for five (5) years certain only. Last Guaranteed payment is due 1/1/2013.

MELISSA ANDRADE:
$7,447.00 payable semi-annually, beginning 07/01/2009 for five (5) years certain only. Last Guaranteed payment is due 01/01/2014.

SALVADOR ANDRADE JR.:
$9,308.00 payable annually, beginning 08/03/2012 for five (5) years certain only. Last Guaranteed payment is due 08/03/2016.

$9,308.00 payable annually, beginning 01/03/2013 for five (5) years certain only. Last Guaranteed payment is due 01/03/2017.

DIEGO ACOSTA:
$6,117.00 payable semi-annually, beginning 7/1/2011 for five (5) years certain only. Last Guaranteed payment is due 1/1/2016.

The Court further Orders that the sums awarded to the Minor Plaintiffs only are those sums paid in a periodic manner after they have reached their majority and MagneTek, Inc., Cooper Industries, Inc., and McGraw Edison Company shall pay to New York Life Insurance Company, the amounts set forth at length above to fund the annuities. The Court further Orders that payments from those annuities shall be disbursed to the Minor Plaintiffs, after they have each respectively reached the age of majority in accordance with the Release and Indemnity Agreements entered into by the parties herein, and the payments awarded to the Minor Plaintiffs shall be made in the form and manner as outlined herein.

It is ORDERED and ADJUDGED that the Plaintiff or Payee of the future payments detailed herein shall not have the right to accelerate said future payments at any time or vary in any respect the payment scheduled. The Plaintiff or Payee shall not have the right to receive the present discounted value of future payments. The Plaintiff or Payee will not have any control of the investment of funds from which payments are made. The Plaintiff or Payee will not have any right to increase or decrease the payments. The Plaintiff or Payee cannot change or modify the manner, mode or method of making any payments.

It is ORDERED and ADJUDGED, within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended (the "Code"), that MagneTek, Inc., Cooper Industries, Inc., and McGraw Edison Company will make a "qualified assignment" to New York Life Insurance and Annuity Corporation of the obligations to make future payments to each recipient. The rights of each Plaintiff or Payee or his/her respective estate to the future payments as against New York Life Insurance and Annuity Corporation shall be no greater than those of a general creditor and that New York Life Insurance and Annuity Corporation, is not required to set aside specific assets to secure

such future payments and that the obligation of New York Life Insurance and Annuity Corporation to make future payments shall be no greater than those of MagneTek, Inc., Cooper Industries, Inc., and McGraw Edison Company immediately preceding the assignment.

When the assignment is entered into between MagneTek, Inc., Cooper Industries, Inc., and McGraw Edison Company and New York Life Insurance and Annuity Corporation, then MagneTek, Inc., Cooper Industries, Inc., and McGraw Edison Company shall be forever completely released and discharged from all obligations to make **any** future payments and New York Life Insurance and Annuity Corporation shall at all times remain directly and solely responsible for, and shall receive credit for, the future payments.

Upon assignment, New York Life Insurance and Annuity Corporation or its designee shall mail future periodic payments directly to each Plaintiff or Payee at the address provided by each Payee.

It is, further, ORDERED and ADJUDGED that MagneTek, Inc., Cooper Industries, Inc., and McGraw Edison Company will cause New York Life Insurance and Annuity Corporation to fund the future payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from New York Life Insurance and Annuity Corporation. All rights of ownership and control of such annuity policy shall be vested in New York Life Insurance and Annuity Corporation ("Assignee"), which assignee will direct the annuity carrier, New York Life Insurance and Annuity Corporation, to make payments directly to each Payee.

It is, further, ORDERED and ADJUDGED that the future periodic payments to the Minor Plaintiffs or Payees are not subject in any manner to anticipation, alienation, sale, transfer,

assignment or encumbrance by said recipient, his/her guardian, next friend, parents, heirs, assigns, or any other person or entity.

It is, further, ORDERED and ADJUDGED that it shall be the continuing responsibility of each Plaintiff and/or Payee and/or the estate of said Plaintiff to provide New York Life Insurance and Annuity Corporation with a current address and to notify New York Life Insurance and Annuity Corporation of any changes of address at least thirty (30) days prior to the periodic payment dates. In this regard, New York Life Insurance and Annuity Corporation will make the payments to the last known present address which the Company has on file for each Plaintiff's recipient.

In the event of the death of a Minor Plaintiff prior to the receipt by him/her of all of his/her scheduled guaranteed payments from one of the referenced annuities, the payments remaining to be paid at the time of his/her death shall be made to his/her estate or a person designated by his/her estate, unless otherwise designated in writing by Minor Plaintiff after reaching age of majority.

The Court approves the periodic payments to the minors. The sums awarded to the minors have been paid into the referenced annuities; this judgment is therefore fully satisfied, and discharged as far as the minor plaintiffs are concerned, and no execution shall issue in favor of the minors.

The Court approves the actions of the Guardian Ad Litem, finds that he has fully performed and has completed the duties assigned to him by the Court, and discharges him from further duties, responsibilities and liabilities in this matter. The Court finds that the allowance of fee and expenses to the Guardian Ad Litem, of TWENTY-ONE THOUSAND SIX HUNDRED SEVENTEEN and 44/100 ($21,617.44) is fair and reasonable and shall be incurred by Defendants, MagneTek, Inc., Cooper Industries, Inc., and McGraw Edison Company, with MagneTek, Inc., paying 75% of the

ad litem fee, and Cooper Industries, Inc., and McGraw Edison Company paying 25% of the ad litem fee.

Because the sums awarded Plaintiffs have been fully paid to the Plaintiffs and into the annuities, it is ORDERED and ADJUDGED that this judgment is fully satisfied and discharged, except as to Court costs in the amount of TWENTY THREE THOUSAND EIGHT HUNDRED FORTY SEVEN and 55/100 ($23,847.55) which are taxed against MagneTek, Inc..

It is ORDERED and ADJUDGED that Plaintiffs take nothing against Defendant, Theodore R. Paul.

It is ORDERED and ADJUDGED that the Defendants, MagneTek, Inc., Cooper Industries, Inc., and McGraw Edison Company, are fully relieved and discharged from all liability for the incidents made the basis of this suit. No finding of liability is made herein or otherwise.

It is ORDERED and ADJUDGED that all relief not expressly granted by this judgment is denied, whether the relief was requested or whether it could have been requested in this case.

Signed this 23RD day of FEBRUARY, 2000.

_____
JUDGE PRESIDING

**REVIEWED AND APPROVED AS TO FORM AND ENTRY REQUESTED:**

By: _____
Melinda L. Wesner
Federal I.D. No. 8558
State Bar No. 21194510
Wesner & Associates, P.C.
5300 Memorial Drive, #570
Houston, TX 77007
Telephone: 713-868-2306
Facsimile: 713-863-1007
**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

By: _____
Joe Valle
Federal I.D. No. 11422
1120 East Tenth Street
Brownsville, Texas 78520
Telephone: (956)546-2829
Facsimile: (956)542-4084
**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

By: _____
Arturo C. Nelson
Federal I.D. No. 3839
State Bar No. 14885680
3505 Boca Chica Blvd., #434
Brownsville, TX 7852
Telephone: 956-541-3601
Facsimile: 956-541-1488
**GUARDIAN AD LITEM FOR MINOR PLAINTIFFS**

By: /s/ Philip Werner
Philip Werner
Federal I.D. No. 622
State Bar No. 21190200
Werner & Kerrigan, L.L.P.
1300 Post Oak Boulevard, #2225
Houston, TX 77056
Telephone: 713-926-2233
Facsimile: 713-926-9708
**ATTORNEYS IN CHARGE FOR DEFENDANTS MAGNETEK, INC., AND THEODORE R. PAUL**


By: _____
Joseph Segrato
State Bar No. 17993000
Thornton, Summers, Biechlin, Dunham & Brown, L.C.
One Park Place, #500
100 East Savannah Avenue
McAllen, TX 78503-1244
Telephone: 956-630-3080
Facsimile: 956-630-0189
**ATTORNEYS IN CHARGE FOR DEFENDANTS COOPER INDUSTRIES, INC., AND MCGRAW EDISON COMPANY**

By: /s/ Philip Werner
Philip Werner
Federal I.D. No. 622
State Bar No. 21190200
Werner & Kerrigan, L.L.P.
1300 Post Oak Boulevard, #2225
Houston, TX 77056
Telephone: 713-926-2233
Facsimile: 713-926-9708
**ATTORNEYS IN CHARGE FOR DEFENDANTS MAGNETEK, INC., AND THEODORE R. PAUL**

By: /s/ Dale Kasofsky
Joseph Segrato
State Bar No. 17993000
Thornton, Summers, Biechlin, Dunham & Brown, L.C.
One Park Place, #500
100 East Savannah Avenue
McAllen, TX 78503-1244
Telephone: 956-630-3080
Facsimile: 956-630-0189
**ATTORNEYS IN CHARGE FOR DEFENDANTS COOPER INDUSTRIES, INC., AND MCGRAW EDISON COMPANY**